JOURNAL ENTRY AND OPINION
{¶ 1} In this consolidated appeal, appellant, "L.F." ("mother"), [1]
appeals the trial court's granting of permanent custody of her four children to the Cuyahoga County Department of Children and Family Services ("CCDCFS"). Finding no merit to the appeal, we affirm.
 {¶ 2} In 2005, mother tested positive for marijuana at the birth of her third child. CCDCFS filed a complaint alleging her three children to be neglected children and requested the court grant protective supervision over the children. The trial court granted the motion. In 2006, when mother tested positive for marijuana at the birth of her youngest child, CCDCFS requested protective supervision over that child and created a safety plan by which the maternal grandmother would care for the children until mother completed substance abuse treatment and other services in her case plan. The maternal grandmother later requested the children be removed from her home, and because mother had not completed her case plan, CCDCFS moved to modify protective supervision to temporary custody.
 {¶ 3} Under the case plan, mother was required to complete substance abuse treatment, obtain employment and stable housing, participate in a psychological assessment and domestic violence counseling, cooperate in the agency's efforts to establish paternity for the children, and demonstrate that she could care for a child with special needs. Mother did not comply with the requirements of her case plan, so *Page 4 
CCDCFS moved for permanent custody of the children in 2007. A hearing was held and the trial court concluded that permanent custody was in the children's best interest. Mother first appealed the decision as to her three oldest children and then filed a separate notice of appeal as to the youngest child. We granted the CCDCFS motion to consolidate the appeals for purposes of hearing and disposition.
 {¶ 4} Mother raises ten assignments of error, which will be considered together when appropriate.[2]
 Standard of Review {¶ 5} When reviewing a trial court's judgment on child custody cases, the appropriate standard of review is whether the trial court abused its discretion. Masters v. Masters, 69 Ohio St.3d 83, 1994-Ohio-483,630 N.E.2d 665. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Miller v. Miller (1988), 37 Ohio St.3d 71,73, 523 N.E.2d 846.
 {¶ 6} An appellate court must adhere to "every reasonable presumption in favor of the lower court's judgment and finding of facts." In reBrodbeck (1994), 97 Ohio App.3d 652, 659, 647 N.E.2d 240, quotingGerijo, Inc. v. Fairfield, 70 Ohio St.3d 223, 226, 1994-Ohio-432,638 N.E.2d 533. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the *Page 5 
evidence. State v. Schiebel (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54;C.E. Morris Co. v. Foley Constr Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, syllabus. Further, issues relating to the credibility of the witnesses and the weight to be given the evidence are primarily for the trier of fact. Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 23,550 N.E.2d 178; Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80,461 N.E.2d 1273.
 Case Plan Journalization {¶ 7} In the first and seventh assignments of error, mother argues that the trial court erred when it granted permanent custody of the children to CCDCFS without the proper filing of a case plan.
 {¶ 8} R.C. 2151.353 provides that if a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition: protective supervision, temporary custody, legal custody, permanent custody, or planned permanent living arrangement. As part of its dispositional order, the court is required to journalize a case plan for the child. R.C. 2151.353(D).
 {¶ 9} Mother argues that, because the court did not journalize a case plan when it awarded temporary custody to CCDCFS, the failure renders the dispositions void. She also claims that the disposition is void as to the youngest child because the wrong case number was listed when he was added to the case plan. We disagree.
 {¶ 10} The trial court journalized the case plan for the three older children when it granted protective supervision to CCDCFS. There exists no further requirement *Page 6 
that the court journalize the case plan again when the disposition changes. As to the incorrect case number contained on the case plan for mother's youngest child, we find that mother never objected to the adoption of the case plan on that basis, nor did she otherwise raise this issue at any point in the proceedings below. Accordingly, she has not properly preserved this alleged error, and has waived it for purposes of appellate review. See In re J.J., 111 Ohio St.3d 205,2006-Ohio-5484, 855 N.E.2d 851.
 {¶ 11} Even if we were to assume that the case plan for the youngest child was not properly journalized, we have said that the absence of a case plan can constitute harmless error if the record contains sufficient clear and convincing evidence to support the trial court's decision. In re Cashay Gill (Mar. 15, 2001), Cuyahoga App. No. 77492. As will be discussed infra, we find clear and convincing evidence to support the trial court's decision to grant CCDCFS permanent custody of the child.
 {¶ 12} Therefore, the first and seventh assignments of error are overruled.
 Ineffective Assistance of Counsel {¶ 13} In the second and tenth assignments of error, mother argues that she was denied effective assistance of counsel.
 {¶ 14} In order to successfully assert ineffective assistance of counsel under the Sixth Amendment, the dual prongs of the test set forth in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, must be satisfied. A defendant must show not only that the attorney made errors so serious that she was not functioning as "counsel," as guaranteed by the Sixth Amendment, but also that *Page 7 
the deficient performance was so serious as to deprive her of a fair and reliable trial. Id. at 687.
 {¶ 15} The Ohio Supreme Court set forth a similar two-part test:
 "First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." State v. Bradley (1989), 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373.
 {¶ 16} Because there are countless ways to provide effective assistance in any given case, the scrutiny of counsel's performance must be highly deferential, and there will be a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland; accord Bradley. In sum, it must be proven that counsel's performance fell below an objective standard of reasonable representation, and that prejudice arose from his or her performance. Id.
 {¶ 17} In reviewing a claim of ineffective assistance of counsel, it must be presumed that a properly licensed attorney executes his or her legal duty in an ethical and competent manner. State v. Smith (1985),17 Ohio St.3d 98, 477 N.E.2d 1128; Vaughn v. Maxwell (1965),2 Ohio St.2d 299, 209 N.E.2d 164. "Scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, at 689.
 {¶ 18} Mother argues in her brief that counsel failed to object to procedural defects that stemmed from the original order of temporary custody, specifically that *Page 8 
temporary custody was granted without incorporating the case plan into its dispositional order. However, as previously mentioned above, the case plan was journalized at the original dispositional hearing.
 {¶ 19} As to the youngest child, mother states that her attorney elicited inadmissible, prejudicial hearsay testimony from the social worker regarding domestic violence between the mother and the child's alleged father. Yet mother fails to argue how this testimony prejudiced her.
 {¶ 20} We find nothing in the record to demonstrate ineffective assistance of counsel on the part of mother's trial counsel. The conduct in this case did not constitute a substantial violation of any of defense counsel's essential duties to the client and the record demonstrates that mother was not prejudiced by counsel's actions.
 {¶ 21} Therefore, the second and tenth assignments of error are overruled.
 Permanent Custody Factors {¶ 22} In the third, fourth, fifth, and eighth assignments of error, mother argues that the trial court erred in granting permanent custody of the children because CCDCFS was unable to show that she failed to substantially remedy the condition that caused the children's removal, that she suffered from chemical dependency that prevented her from providing a home for her children, or that she showed a lack of commitment toward the children by failing to regularly support, visit, or communicate with the children. *Page 9 
 {¶ 23} R.C. 2151.414 sets forth a two-prong analysis to be applied by the juvenile court for a determination of whether permanent custody should be granted to an agency. The statute requires the court to find, by clear and convincing evidence, (1) one of the factors enumerated in R.C. 2151.414(B)(1)(a)-(d), and (2) an award of permanent custody is in the best interest of the child.
 {¶ 24} As it relates to this appeal, the trial court concluded that, pursuant to R.C. 2151.414(B)(1)(a):
 {¶ 25} "The children are not abandoned or orphaned and have not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and the children cannot be placed with the children's parents within a reasonable time or should not be placed with the children's parents."[3]
 {¶ 26} The factors set forth in R.C. 2151.414(E) are analyzed to make a determination of whether a child cannot be placed with either parent within a reasonable time or should not be placed with the parents when the trial court finds that R.C. 2151.414(B)(1)(a) applies. The trial court found that the children could not or should not be placed with their mother within a reasonable time, and made findings relating to three of the sixteen factors enumerated in R.C. 2151.414(E).
 {¶ 27} The trial court found, as to all the children, pursuant to R.C. 2151.414(E)(1), (2), and (10) that: *Page 10 
 "Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the [parent] has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home;" * * *
 "The chronic chemical dependence of the [parent] is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and as anticipated within one year;" and
 "The [parent] has abandoned the child."
 {¶ 28} Mother makes various arguments as to the above findings. However, the juvenile court needs to find only one factor in R.C. 2151.414(E) applies to support its holding. In re C.F.,113 Ohio St.3d 73, 82, 2007-Ohio-1104, 862 N.E.2d 816, citing In re William S.,75 Ohio St.3d 95, 1996-Ohio-182, 661 N.E.2d 738, syllabus.
 {¶ 29} Mother argues that she had seven months of sobriety at the time of the hearing, so the trial court erred when it found that she had a chronic chemical dependence that made her unable to provide a permanent home for the children. We disagree and find that mother has made little effort to comply with her case plan, despite being given many opportunities to do so.
 {¶ 30} The testimony presented at trial shows that mother never completed substance abuse treatment. She was discharged from three treatment programs during the pendency of the case and had just begun a fourth program when the dispositional hearing was held. The social worker testified that mother's last positive drug screen was six months prior to the hearing, but she had not completed *Page 11 
treatment. Thus, the social worker concluded, mother had failed to satisfy the substance abuse portion of the case plan.
 {¶ 31} Mother also argues that she had obtained housing. But the testimony showed that even though she had obtained independent housing at one point during the case, she was presently residing with her mother and was unable to produce any evidence that she had stable housing because, although she was living with her mother, the children had once been removed from the grandmother's home, so the social worker did not consider such housing "stable" or suitable.
 {¶ 32} The social worker further testified that mother refused to undergo a psychological assessment or attend domestic violence counseling, and there was evidence that mother's boyfriend, who was also the alleged perpetrator of the domestic violence, had resided with the mother. Even if the mother was no longer "involved" with her violent boyfriend, she was still required to fulfill the counseling requirement within her case plan. And, even though mother may have had employment at one time, the record shows that she was unemployed and had no source of income at the time of the hearing.
 {¶ 33} The guardian ad litem ("GAL") testified that mother continued to place the children at risk by failing to address her substance abuse issues. The GAL also noted that mother was again pregnant and exhibited a lack of commitment and concern about her health, her children's health, and her fetus's health.
 {¶ 34} Mother also argues that CCDCFS failed to establish that she showed a lack of commitment toward the children. A review of the record shows the court's *Page 12 
finding pursuant to R.C. 2151.414(E)(10) was made in regard to the alleged fathers, and the journal entry's indication that the "parents" had abandoned the children was merely a clerical error.
 {¶ 35} Therefore, we find that the trial court was presented with sufficient clear and convincing evidence to supports its findings under R.C. 2151.414(E) and thereby satisfied the first requirement for permanent custody under R.C. 2151.414(B)(1).
 {¶ 36} The second prong requires the trial court to make the finding that permanent custody is in the best interest of the children pursuant to R.C. 2151.414(D)(1) through (5). Because mother does not argue that the trial court erred in finding that permanent custody was in the best interest of her children, we need not address the second prong.
 {¶ 37} Therefore, we find no abuse of discretion in the juvenile court's granting permanent custody to CCDCFS, and its decision was not against the manifest weight of the evidence.
 {¶ 38} The third, fourth, fifth, and eighth assignments of error are overruled.
 GAL Report {¶ 39} In the sixth and ninth assignments of error, mother argues that the trial court erred when it relied on the GAL report even though the GAL had not observed mother interacting with the children.
 {¶ 40} R.C. 2151.281 requires a trial court to appoint a GAL "to protect the interest of a child in any proceeding concerning an alleged abused or neglected child *Page 13 
and in any [permanent custody proceeding]." R.C. 2151.281(B)(1). The trial court must require the GAL "to faithfully discharge" the GAL's duties. R.C. 2151.281(D).
 {¶ 41} Juv. R. 4 similarly requires a court to appoint a GAL "to protect the interests of a child" in specified circumstances, including: when the interest of the child and the interest of the parents may conflict, when the court believes that the parent is not capable of representing the best interest of the child, in any proceeding involving alleged abuse or neglect or termination of parental rights, or when "otherwise necessary to meet the requirements of a fair hearing." Juv. R. 4(B).
 {¶ 42} R.C. 2151.281(I) requires a GAL to "perform whatever functions are necessary to protect the best interest of the child." Those functions include: "investigation, mediation, monitoring court proceedings, and monitoring the services provided the child" by the public or private agency having custody of the child and filing "any motions and other court papers that are in the best interest of the child." Id.
 {¶ 43} Under Loc. Juv. R. 20(A) of the Cuyahoga County Juvenile Court, a GAL is required to prepare a written report and recommendation in permanent custody cases. The report must include a summary of the child's case, any special needs of the child, the child's views (if available), and dispositional options. Loc. Juv. R. 20(E). *Page 14 
 {¶ 44} Loc. Juv. R. 18(G) states that at a minimum, a GAL shall comply with the guidelines for guardians ad litem adopted by the Guardian ad litem Advisory Committee of the Guardian ad litem Project.[4]
 {¶ 45} Our review of these detailed and comprehensive guidelines reveals no requirement that a GAL observe visitations between a parent and child. Even if the guidelines required such observation, mother does not cite any case or statutory authority in support of the conclusion that a GAL's failure to comply with the prescribed duties mandates a reversal of a grant of permanent custody. See In re Andy-Jones, Franklin App. No. 03AP-1167, 2004-Ohio-3312.
 {¶ 46} Our review of the record indicates that the GAL performed his duties adequately. He interviewed the children, mother, family members, social workers, and counsel. He reviewed the necessary files and information. He testified at the hearing and was cross-examined.
 {¶ 47} There is nothing in the record to indicate that the GAL did not faithfully discharge his duties.
 {¶ 48} Therefore, we overrule the sixth and ninth assignments of error.
 {¶ 49} Accordingly, judgment is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 15 
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas — Juvenile Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, J., and PATRICIA A. BLACKMON, J., CONCUR
[1] The parties are referred to herein by their initials or title in accordance with this court's established policy regarding nondisclosure of identities in juvenile cases.
[2] In Case No. 91438, the assignments of error will be listed as one through six. In Case No. 91472, the assignments of error will be listed as seven through ten.
[3] The court made a finding relative to the alleged fathers that they had abandoned the children. R.C. 2151.414(B)(1)(b).
[4] The guidelines are available online atwww.galproject.org. *Page 1