**In re P.M.**

[Cite as *In re P.M.*, 179 Ohio App.3d 413, 2008-Ohio-6041.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22677.

Decided Nov. 21, 2008.

John Maguire, pro se.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Carley J. Ingram, Assistant Prosecuting Attorney, for appellee.

_____

GRADY, Judge.

{¶ 1} Appellant, the father of P.M., a minor child, appeals from an order of the juvenile court order requiring him to pay $237.10 in monthly child support.

{¶ 2} P.M. was born on December 26, 1990. Her father and mother were divorced in November of 1995. The mother was granted custody of P.M. At the time of the divorce, the father was not ordered to pay child support to the mother. Subsequently, the father was ordered to pay $50 in monthly child support. According to the father, he was ordered to pay only the state minimum of $50 required by R.C. 3119.06, because he is a disabled and unemployable individual.

{¶ 3} On May 11, 2007, the Montgomery County Department of Job and Family Services, Children Services Division ("MCCS") filed a complaint in juvenile court pursuant to R.C. Chapter 2151, requesting the court to adjudicate P.M. neglected and dependent. MCCS also sought temporary custody of P.M., as well as an order of visitation and child support. A guardian ad litem was appointed. The father was provided with court-appointed counsel in June 2007.

{¶ 4} On October 15, 2007, MCCS filed a motion for (1) temporary custody of P.M. to be granted to a nonrelative, (2) an interim-order hearing, and (3) an order for child support and visitation. The motion was personally served on the father. On October 26, 2007, the magistrate issued an order of interim temporary custody to a nonrelative and interim protective supervision. The magistrate stated that the issue of child support would be addressed at the December 10, 2007 dispositional hearing. The magistrate's decision noted that it was served on the father.

{¶ 5} On November 28, 2007, the father was appointed new counsel because his prior counsel had a scheduling conflict. The father's new counsel attended the December 10, 2007 hearing, which was not concluded on that day. The father did not attend the hearing. On January 4, 2008, the magistrate ordered that the cause be continued until January 18, 2008, and stated that "[c]hild support will be

addressed in the disposition * * *." The magistrate ordered service of notice of the hearing on the father and the father's new counsel.

{¶ 6} The dispositional hearing was concluded on January 18, 2008. The father was not present at the hearing, but the father's new attorney was present for at least a portion of the hearing. Based on the evidence presented at the hearing, the magistrate granted the motion for temporary custody and ordered the father to pay $237.10 in monthly child support. The child-support calculation for the father was based on an annual employment income of $14,560. The magistrate found that the father "is not in bankruptcy, is not employed, is not self-employed, is not receiving Worker's Compensation, is not receiving Unemployment Compensation, and has no other income." The court imputed minimum wage for the father regarding his child support obligation and issued an order to the father to seek work pursuant to R.C. 3121.03(D)(1).

{¶ 7} The father filed timely objections to the magistrate's decision. He argued that he received ineffective assistance of counsel and that the magistrate's calculation of child support was based on erroneous information. On February 29, 2008, the trial court overruled the objections, based primarily on the father's failure to file a transcript of the hearing before the magistrate.

{¶ 8} On March 4, 2008, the father's new attorney moved to withdraw as counsel due to "a complete breakdown in communications between counsel and client which prevents the [attorney] from providing adequate representation." On March 19, 2008, the father filed a timely notice of appeal.

FIRST ASSIGNMENT OF ERROR

{¶ 9} "The court committed error when the appellant's attorney was excused before matters related to child support and the seek work order were addressed at the hearing."

{¶ 10} In his first assignment of error, the father argues that he was never notified of the December 10, 2007 and January 18, 2008 hearings, and that the magistrate improperly took evidence regarding the father's income and assets after the father's court-appointed counsel had left the hearing.

{¶ 11} The trial court overruled the objections of the father because he failed to file a transcript, which made it impossible to review the objections to the magistrate's findings. The trial court found:

{¶ 12} "Upon review of the foregoing objections, the Court hereby OVERRULES [the father's] objections. Pursuant to Juv. R. 40(D)(3)(b)(iii) an objection to a factual finding shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding. The Court finds [the father] failed to provide the Court with a transcript of the hearing, which would allow the Court to more thoroughly review the record to determine if the

Magistrate was correct in her decision. Without said transcript, the Court is unable to properly evaluate the validity of the claims made by [the father]. The Court further finds [the father] was served with notice of said hearing and failed to attend. [The father] has also failed to allege a viable excuse for his absence from the hearing. The Court notes if [the father] had attended the hearing there may be evidence of his disability on the record. However, the Court cannot consider evidence not submitted to the Magistrate for consideration. Therefore, based upon review of the available record, the Court agrees with the Decision of the Magistrate. The Court notes [the father] can file a Motion to Modify the Support Order if he can present new evidence which may lead to a modification of the current support order."

{¶ 13} While it is true that the father's failure to file a transcript of the proceedings before the magistrate with the trial court limits his ability to challenge the magistrate's factual findings, Juv.R. 40(D)(3)(b)(iii) and (iv), we hold that the trial court committed plain error in overruling the father's ineffective-assistance-of-counsel claim on that basis.

{¶ 14} "In actions instituted by the state to force the permanent, involuntary termination of parental rights, the United States and Ohio Constitutions' guarantees of due process and equal protection of the law require that indigent parents be provided with counsel and a transcript at public expense for appeals as of right." *State ex rel. Heller v. Miller* (1980), 61 Ohio St.2d 6, 15 O.O.3d 3, 399 N.E.2d 66, at paragraph two of the syllabus.

{¶ 15} Additionally, when the proceeding contemplates the loss of parents' essential and basic civil rights to raise their children, the test for ineffective assistance of counsel used in criminal cases is equally applicable to actions seeking to force the permanent, involuntary termination of parental custody. *In re Heston* (1998), 129 Ohio App.3d 825, 827, 719 N.E.2d 93. Therefore, the right to counsel in proceedings to terminate parental rights includes the right to the effective assistance of counsel.

{¶ 16} The court in its decision found that the father had been served with notice of the two hearings. The orders for hearings the magistrate filed order service on both the father and his attorney. Juv.R. 20(B); Civ.R. 5(B). The father contended in his objection that he was nevertheless unaware of the hearings. That implies a failure of actual service. He also claims that his attorney failed to tell him that hearings would be held, and that his attorney left the second hearing before all the evidence was presented. Those are the grounds for the father's claim of ineffective assistance of counsel.

{¶ 17} In order to succeed in his claim of ineffective assistance of counsel, the father must show that his attorney's performance fell below an objective standard

of reasonableness and must then show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington* (1984), 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674.

{¶ 18} The determination whether the father was denied effective assistance of counsel in this case does not turn on factual findings made by the magistrate. Rather, the father claimed in his objections to the magistrate's decision that his new, court-appointed attorney "never made any attempt to contact me to discuss the case or notify me of court dates or proceedings." The father continued, "Because of [my attorney's] ineffectiveness an unfair order was issued to which I am not capable of complying." The transcript from the hearing before the magistrate was not necessary to the determination of whether the father was denied the effective assistance of counsel on the grounds he alleged. The trial court abused its discretion in overruling the father's objection based on his failure to file the transcript. Therefore, the first assignment of error is sustained.

{¶ 19} On remand, the trial court should hold a hearing on the father's objections to determine whether he lacked the effective assistance of counsel. We note that there is evidence in the record that both the father and his new attorney agreed that there was a breakdown in communication between the two. Indeed, in his motion to withdraw as counsel, the attorney stated that he requested a continuance at the December 10, 2007 hearing because the father was not present and the attorney had been unsuccessful in establishing contact with him. Further, the attorney stated that he did not have communication with the father prior to the January 18, 2008 hearing. If the trial court finds on remand that the father was denied effective assistance of counsel, then the father should be provided an opportunity to present evidence regarding his income and disability for purposes of establishing the amount of child support.

SECOND ASSIGNMENT OF ERROR

{¶ 20} "The court's order is based upon documents that contain false information and are not sworn to, signed by, or attested to by any party."

{¶ 21} Based on our disposition of the first assignment of error, this assignment of error is overruled as moot. App.R. 12(A)(1)(c).

{¶ 22} The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

BROGAN and FAIN, JJ., concur.