[Cite as *In re C.D.*, 2025-Ohio-1264.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| IN RE C.D., ET AL. | : | |
| | : | No. 114329 |
| Minor Children | : | |
| | : | |
| [Appeal by A.M.M., Mother] | : | |

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 10, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. AD21902932, AD21902933, AD21902934,
AD21902935, and AD24900258

---

***Appearances:***

Wegman Hessler Valore, Dean M. Valore, and Matthew O. Williams, *for appellant*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Joseph C. Young, Assistant Prosecuting Attorney, *for appellee* CCDCFS.

EILEEN T. GALLAGHER, J.:

{¶ 1} Appellant A.M.M. ("Mother") appeals the judgment of the juvenile court terminating her parental rights and granting permanent custody of five of her children, C.D., A.D., K.W., J.W. Jr., and A.W., to the Cuyahoga County Division of

Children and Family Services ("CCDCFS" or "agency").  She raises two assignments of error:

> 1.  The trial court erred in failing to hold timely dispositional hearings respecting the child, A.W.
>
> 2.  Appellant's counsel rendered ineffective assistance by failing to seek a writ of procedendo to enforce the statutory deadline for determining a motion for permanent custody.

{¶ 2} After a thorough review of the applicable law and facts, we affirm the judgment of the juvenile court.

## I.  Factual and Procedural History

{¶ 3} There were originally six children at issue in the underlying matter, to wit: C.B. (d.o.b. 12/28/11), A.M. (d.o.b. 7/20/14), C.D. (d.o.b. 9/11/16), A.D. (d.o.b. 1/20/18), K.W. (d.o.b. 12/16/19), and J.W., Jr. (d.o.b. 3/20/21).  Legal custody of C.B. and A.M. was awarded to A.M.'s biological father, and they are not subjects of the present appeal.

{¶ 4} In April 2021, CCDCFS filed a complaint for neglect and temporary custody with respect to C.B., C.D., A.D., and K.W. and for abuse, neglect, and temporary custody with respect to J.W., Jr.  Mother stipulated to the allegations of an amended complaint, and J.W., Jr. was adjudicated to be abused and neglected. The remaining children were adjudicated to be neglected, and all five children were committed to the temporary custody of the agency.

{¶ 5} In February 2022, the agency filed a motion to modify temporary custody to permanent custody.  A hearing on the motion was scheduled for June

2022. Mother failed to appear at this hearing, and the court denied her counsel's motion to continue. In October 2022, the juvenile court granted the agency's motion for permanent custody and terminated Mother's parental rights, incorporating the findings of fact submitted by the agency.

{¶ 6} Mother appealed this judgment entry. During this time, another child, A.W. (d.o.b. 11/8/2022), was born and placed in agency custody.

{¶ 7} In May 2023, this court reversed the juvenile court's judgment ordering permanent custody, finding that the trial court improperly denied the oral motion for continuance on the day of the permanent-custody trial. *In re C.B.*, 2023-Ohio-1578 (8th Dist.).[1]

{¶ 8} On remand to the juvenile court, the matter was set for hearing on July 11, 2023. Several days before the scheduled hearing date, Mother moved to continue the trial, explaining that she was scheduled for surgery on July 10, 2023. The motion was granted, and the trial reset for August 11, 2023.

{¶ 9} The day before the next scheduled trial date, Mother again moved to continue, stating that Mother's mother had passed away and that Mother was "not mentally prepared for the trial." The motion was granted, and trial was rescheduled for October 16, 2023.

{¶ 10} On October 6, 2023, Mother's counsel moved to withdraw from the case, noting that he did not believe he could effectively represent her. He had been

---

[1] One judge dissented and would have held that the trial court acted within its discretion in denying Mother's request to continue the trial. *Id.* at ¶ 33 (Sheehan, J., dissenting).

unable to contact her in order to prepare for trial and she had not produced documents to him that he had requested. The trial court continued the matter so that counsel could effectuate service on his motion to withdraw.

{¶ 11} That same day, Mother was arrested on an outstanding warrant.

{¶ 12} The court held a hearing on December 6, 2023, regarding Mother's counsel's motion to withdraw, along with Mother's guardian ad litem's ("GAL") motion to withdraw. Mother's counsel stated that Mother did not keep any of the appointments or provide the documents requested. The GAL stated that her relationship with Mother had deteriorated and that Mother "would be eager to have a new team work with her[.]"

{¶ 13} CCDCFS objected to the withdrawal motions and noted the need to resolve the pending complaint for A.W. by January 12, 2024, in compliance with the statute.

{¶ 14} The trial court granted Mother's counsel's motion to withdraw and appointed the public defender's office to represent Mother. An attorney conference was scheduled for five days later, and trial was rescheduled for January 9, 2024.

{¶ 15} Time was running out, and the complaint for A.W. had to be refiled. Mother did not appear at a scheduled hearing for temporary custody of A.W. on February 5, 2024, due to the outstanding warrant for her arrest. An adjudication hearing date was set for February 28, 2024, and the dispositional hearing was set for March 22, 2024. Mother again failed to appear at the hearing on February 28, 2024, despite being properly served and notified of the hearing. The adjudication

hearing was held in Mother's absence. Following the hearing, A.W. was adjudicated as abused and dependent.

{¶ 16} The dispositional hearing was scheduled for March 22, 2024. The night before the hearing was to be held, Mother's counsel again moved for a continuance, indicating that Mother had been admitted to a drug-treatment program. The agency objected to the continuance, but the court granted the motion, and the hearing was rescheduled for March 29, 2024. Mother left the treatment program the following day.

{¶ 17} On March 29, 2024, the court commenced the hearing, noting that, due to the statutory time constraints, the hearing would begin that day but would conclude at a later date.

{¶ 18} CCDCFS presented the testimony of the director of New Visions Unlimited, where Mother had received treatment for substance abuse. After her testimony, the court took a recess. The hearing was scheduled to resume on June 6, 2024, but the agency asked that it be continued since counsel for CCDCFS was required to appear for oral argument in another matter before this court.

{¶ 19} The trial was continued to August 5, 2024. Mother did not appear that day, and her counsel moved to continue the trial again. The court denied the motion, and the hearing proceeded. The agency presented the testimony of three of its social-services workers. During the first social-services worker's testimony, he noted that Mother had actually been present at the court on the previously

scheduled hearing date of March 22, 2024. He further stated that Mother had left the treatment program the following day.

{¶ 20} The GAL testified regarding her report and recommendation, stating that permanent custody was in the children's best interest because Mother had not managed to resolve the issues leading to the removal of the children.

{¶ 21} Following the hearing, the court entered an order terminating Mother's parental rights and awarding permanent custody of C.D., A.D., K.W., J.W., Jr., and A.W. to the agency.

{¶ 22} Mother then filed the instant appeal.

## II. Law and Analysis

### A. Timeliness

{¶ 23} Mother first argues that the trial court erred by failing to hold a timely dispositional hearing in accordance with R.C. 2151.35(B)(1). She contends that the court should have dismissed the case with prejudice after it failed to hold the dispositional hearing within 90 days of the filing of the complaint regarding A.W. Mother maintains that the complaint was filed on January 11, 2024, and the disposition hearing should have been held by April 10, 2024 (or May 27, 2024, if there was a statutory extension).

{¶ 24} R.C. 2151.35(B)(1) governs dispositional hearings in abuse, neglect, and dependency cases and provides:

> If the court at an adjudicatory hearing determines that a child is an abused, neglected, or dependent child, the court shall not issue a dispositional order until after the court holds a separate dispositional

hearing. The court may hold the dispositional hearing for an adjudicated abused, neglected, or dependent child immediately after the adjudicatory hearing if all parties were served prior to the adjudicatory hearing with all documents required for the dispositional hearing. The dispositional hearing may not be held more than thirty days after the adjudicatory hearing is held. The dispositional hearing shall not be held more than ninety days after the date on which the complaint in the case was filed except that, for good cause shown, the court, on its own motion or on the motion of any party or the child's guardian ad litem, may continue the dispositional hearing for a reasonable period of time beyond the ninety-day deadline. This extension beyond the ninety-day deadline shall not exceed forty-five days and shall not be available for any case in which the complaint was dismissed and subsequently refiled.

If the dispositional hearing is not held within the period of time required by this division, the court, on its own motion or the motion of any party or the guardian ad litem of the child, shall dismiss the complaint without prejudice.

{¶ 25} Mother did not file a motion to dismiss, object to, or otherwise challenge the issue of whether the 90-day timeframe in R.C. 2151.35(B)(1) had been violated in the juvenile court. As a result, our review is limited to whether the juvenile court committed plain error by failing to resolve the complaint for permanent custody within the statutory timeframe. *See State v. Dandridge*, 2021-Ohio-3355, ¶ 58 (8th Dist.) ("Failure to object at trial waives all but plain error.").

{¶ 26} This court, as well as other Ohio courts, have interpreted the 90-day timeframe in R.C. 2151.35(B)(1) to mean that the dispositional hearing must *commence* within 90 days from the date the complaint was filed. "The dispositional hearing must at least *begin* within the ninety-day time limitation of R.C. 2151.35(B)(1) or the court is obligated to dismiss the complaint without

prejudice." (Emphasis added.) *In re K.C.*, 2023-Ohio-3160, ¶ 60 (8th Dist.), citing *In re White*, 1999 Ohio App. LEXIS 168, 10 (8th Dist. Jan. 28, 1999). *See also In re Davis*, 1996 Ohio App. LEXIS 6005 (5th Dist. Nov. 18, 1996) ("[T]he fact that the dispositional hearing was commenced within the ninety[-]day time period [is] sufficient to comply with the time limitations set forth in R.C. 2151.35(B)(1)."); *In re Dixon*, 1992 Ohio App. LEXIS 5175 (6th Dist. Oct. 9, 1992) (holding that the "only limitation on the court" regarding the timeframe of dispositional hearings under R.C. 2151.35(B)(1) "is that the dispositional hearing must be commenced within ninety days after the complaint was filed").

{¶ 27} In the instant matter, CCDCFS refiled the complaint for permanent custody of A.W. on January 11, 2024. As noted by the Tenth District, "[t]he refiling of complaints in permanent custody proceedings to comply with the 90-day requirement of R.C. 2151.35(B)(1) is common practice." *In re Ja.S.*, 2023-Ohio-722, ¶ 24 (10th Dist.), citing *In re Lu.M-R*, 2022-Ohio-4779, ¶ 19 (10th Dist.). The dispositional hearing in this matter commenced on March 29, 2024, which was within the 90-day timeframe. The dispositional hearing was recessed and later concluded on August 5, 2024. The journal entries finalizing disposition were issued on August 7 and 13, 2024.

{¶ 28} Mother acknowledges in her brief that the March 29, 2024 hearing date *was* within the statutory time for disposition. However, she disputes that the court "held" a hearing within the meaning of the statute when it only took testimony from one witness and the hearing lasted less than a half hour. Mother appears to

disregard case law from this very court holding that the juvenile court is only required to *commence* the dispositional hearing within 90 days after the complaint is filed. Mother does not point us to any authority setting forth how long a hearing must be or how many witnesses must testify in order to constitute a hearing and comply with the statute.

{¶ 29} In applying this court's precedent that, under R.C. 2151.35(B)(1), the dispositional hearing must commence within 90 days of the date the complaint was filed, we find no error — let alone plain error — in the juvenile court's failure to dismiss the complaint in the case at hand. The hearing in this matter commenced on March 29, 2024, which is indisputably within 90 days from the date the complaint was refiled. Accordingly, Mother's first assignment of error is overruled.

## B. Ineffective Assistance of Counsel

{¶ 30} In her second assignment of error, Mother contends that her trial counsel was ineffective for failing to seek a writ of procedendo to compel the trial court's compliance with the statutory timeframe under R.C. 2151.414(A)(2) for resolving a motion for permanent custody with regard to the four oldest children. Mother contends that her counsel's inadequacy prejudiced her in this matter and asks us to reverse the decision of the trial court.

{¶ 31} We first note that an indigent parent is entitled to the effective assistance of appointed counsel when the State seeks to terminate her parental rights. *In re A.C.*, 2013-Ohio-1802, ¶ 45 (8th Dist.). "'[T]he test for ineffective assistance of counsel used in criminal cases is equally applicable in actions seeking

to force the permanent, involuntary termination of parental rights.'" *Id.*, quoting *In re P.M.*, 2008-Ohio-6041, ¶ 15 (2d Dist.).

{¶ 32} To establish a claim of ineffective assistance of counsel, Mother must show that her trial counsel's performance was deficient in some aspect of the representation and that deficiency prejudiced her defense. *Strickland v. Washington*, 466 U.S. 668 (1984).

{¶ 33} R.C. 2151.414(A)(2) governs hearings on permanent custody and provides as follows:

> The court shall hold the hearing scheduled pursuant to division (A)(1) of this section not later than one hundred twenty days after the agency files the motion for permanent custody, except that, for good cause shown, the court may continue the hearing for a reasonable period of time beyond the one-hundred-twenty-day deadline. The court shall issue an order that grants, denies, or otherwise disposes of the motion for permanent custody, and journalize the order, not later than two hundred days after the agency files the motion.
>
> If a motion is made under division (D)(2) of section 2151.413 of the Revised Code and no dispositional hearing has been held in the case, the court may hear the motion in the dispositional hearing required by division (B) of section 2151.35 of the Revised Code. If the court issues an order pursuant to section 2151.353 of the Revised Code granting permanent custody of the child to the agency, the court shall immediately dismiss the motion made under division (D)(2) of section 2151.413 of the Revised Code.
>
> The failure of the court to comply with the time periods set forth in division (A)(2) of this section does not affect the authority of the court to issue any order under this chapter and does not provide any basis for attacking the jurisdiction of the court or the validity of any order of the court.

{¶ 34} In the instant matter, permanent custody of the four oldest children was previously awarded to the agency, but the orders were reversed on appeal. On

remand, the matter was reset for hearing on the motion for permanent custody. Mother then moved for continuances several times for various personal reasons, all of which were granted. After several months, Mother's trial counsel moved to withdraw, citing communication issues with Mother and her failure to produce requested documents. During this same time, Mother was arrested on an outstanding warrant. She did not appear in court again after October 2023. In December 2023, the court held a hearing on the motion to withdraw and was advised that Mother had not kept any of her appointments with her attorney, had not provided requested documents, and her communication with the GAL had broken down.

{¶ 35} Mother did not appear for the adjudication hearing on February 28, 2024. The dispositional hearing was set for March 22, 2024, but Mother's counsel moved for a continuance the night before, asserting that Mother had been admitted to a drug-treatment program. The hearing was continued until March 29, 2024. As it turns out, Mother was actually present in the courthouse on the day of the scheduled March 22, 2024 hearing and left the drug-treatment program the next day.

{¶ 36} The hearing was commenced on March 29, 2024, and the testimony of one witness was taken. The hearing was scheduled to resume on June 6, 2024, but it was continued due to counsel for the agency's unavailability. The hearing was ultimately concluded on August 5, 2024. Mother did not appear at this time. Her

counsel moved to continue the trial again due to her absence, but the court denied the motion.

{¶ 37} Throughout this matter, Mother's trial counsel consistently sought more time for Mother to be able to appear. Mother had not been present at a hearing since October 2023. She also had a warrant out for her arrest. While Mother argues in her brief that "[p]ermanent custody cases are a race against the clock for the parents[]," it does not appear that Mother was engaged in such a race. Given the facts in the instant matter, we cannot say that counsel was ineffective for choosing not to file an application for a writ of procedendo.

{¶ 38} Mother's second assignment of error is overruled.

{¶ 39} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, P.J., and
DEENA R. CALABRESE, J., CONCUR