[Cite as *In re T.B.*, 2014-Ohio-4040.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: T.B.

C.A. No. 27334

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No. DN 12-04-221

DECISION AND JOURNAL ENTRY

Dated: September 17, 2014

HENSAL, Presiding Judge.

{¶1} Appellant, Mylesha B. ("Mother"), appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that terminated her parental rights to her minor child, T.B., and placed him in the permanent custody of Summit County Children Services ("CSB"). This Court affirms.

I.

{¶2} Mylesha B. is the mother of T.B., born April 10, 2012. The biological father of the child has not been determined.

{¶3} At the time of T.B.'s birth, CSB was already involved with Mother and her three older children through two on-going protective cases. The agency removed T.B. directly from the hospital and filed a dependency complaint in juvenile court on April 12, 2012, citing an immediate risk of harm to the child due to Mother's failure to address long-standing concerns of

mental health, substance abuse, and a lack of independent housing. In due course, Mother agreed to an adjudication of dependency, and T.B. was placed in the temporary custody of CSB.

{¶4} On March 18, 2013, CSB filed a motion for the permanent custody of T.B. Following a hearing, the trial court granted CSB's motion and terminated the parental rights of Mother, Genevus Carter (alleged father), and John Doe (unknown father). Mother appeals and assigns two errors for review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY OF T.B. TO SUMMIT COUNTY CHILDREN SERVICES WHEN THE SERVICE BY PUBLICATION ON ALLEGED FATHER FAILED TO LIST THE MOTHER, AS REQUIRED BY CIV.R. 4.4[.]

{¶5} Mother contends that the trial court committed reversible error in its attempt to serve notice of the permanent custody hearing upon John Doe, the unknown father of T.B., because Mother's name was not included in a published notice of the permanent custody hearing.

{¶6} This Court has previously held that the "mere assertion that a purported father was not properly served is an insufficient basis on which to award standing to the appellant-mother to raise such error." *In re A.M.*, 9th Dist. Summit No. 26141, 2012-Ohio-1024, ¶ 18. Instead, it is necessary "for the appealing party to demonstrate that she was 'actually prejudiced' by the alleged error before she may assert it in her own behalf; otherwise she lacks standing to raise the issue." *Id.*, quoting *In re Jordan*, 9th Dist. Summit Nos. 20773, 20786, 2002 WL 121211, *7 (Jan. 30, 2002). This is no less true with a John Doe, unknown father. *See*, *e.g.*, *In re L.A.*, 9th Dist. Summit No. 21531, 2003-Ohio-4790, ¶ 56 (Mother lacks standing to challenge improper service on a John Doe father without demonstration of actual prejudice.). In the present case, Mother has not demonstrated that the alleged failure to perfect service upon John

Doe actually prejudiced her. Absent demonstration of such prejudice, Mother lacks standing to raise the issue on appeal.

{¶7} Nevertheless, even assuming that Mother has standing to challenge service upon an unknown father, the argument is without merit for the following additional reason. In asserting that the published notice was deficient, Mother relies upon a notice published on August 20, 2013, five months before the permanent custody hearing. Following the main portion of the permanent custody hearing conducted in January and February 2014, but before judgment was entered, the trial court found that service on the unknown father of T.B. was inadequate "due to a clerical error in the Clerk's office." The trial court ordered such service to be reissued by publication and continued the permanent custody hearing as to John Doe, unknown father, until March 25, 2014. *See In re A.M.* at ¶ 23 (allowing publication by service on John Doe to proceed while permanent custody hearing was ongoing.)

{¶8} Reissued service by publication on John Doe was made on February 27, 2014. That notice included the full name of Mother, the precise matter claimed by Mother to be erroneously missing from the earlier notice. No alleged father appeared in court on March 25, 2014, the time appointed in the order of continuance and in the reissued John Doe service. Thereafter, the trial court granted permanent custody of the child to CSB and terminated the parental rights of Mother, Genevus Carter (alleged father), and John Doe (unknown father). In her appellate brief, Mother has failed to address the reissued service or to claim any error at all in the February 27, 2014 reissued notice. Accordingly, Mother's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT DID NOT GRANT MOTHER'S
ORAL MOTION FOR CONTINUANCE, WHICH PREJUDICED HER RIGHT
TO A FAIR TRIAL AND PREJUDICED THE OUTCOME OF HER CASE.

{¶9}     Mother next argues that the trial court erred when it denied her oral motion for a continuance made on the day set for trial.   In her appellate brief, Mother argues that a continuance of the hearing should have been granted for two reasons:  (1) Mother was not able to be present on the first day set for trial because she was beginning a new job and (2) paternity of the child had not been established.  For the reasons that follow, we find these arguments to be without merit.

{¶10}   The decision to grant or deny a continuance lies within the sound discretion of the trial judge, which requires a balancing of "any potential prejudice to a [party against] concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice."  *State v. Unger,* 67 Ohio St.2d 65, 67 (1981).  Pursuant to Juv.R. 23, "[c]ontinuances shall be granted only when imperative to secure fair treatment for the parties."  Loc.R. 5.03(B) of the Court of Common Pleas of Summit County, Juvenile Division, further provides that absent demonstration of an emergency or unforeseen circumstances, "[a]ll requests for continuances must be made in writing and filed seven days before the scheduled hearing date."

{¶11}   "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented [when] the request is denied."  *Unger* at 67, quoting *Ungar v. Sarafite,* 376 U.S. 575, 589 (1964).  The court in *Unger* also listed factors that the trial court should consider in evaluating a motion for a continuance.  Those factors include

the length of the requested delay; prior continuances requested and received; the inconvenience to parties, witnesses, counsel, and the court; the presence or absence of legitimate reasons for the requested delay; and the moving party's participation or contribution to the circumstances giving rise to the request for a continuance. *Unger* at 67-68.

{¶12} On appeal, Mother first claims that the trial court erred in failing to continue the hearing for the reason that she was beginning a new job that day and she needed to be at work because employment was part of her case plan. Notwithstanding the merits or demerits of such argument, the record does not demonstrate that this reason was presented to the trial court in support of a request for a continuance. Instead, as court came into session for the permanent custody hearing, Mother's attorney stated that Mother contacted her "yesterday and she indicated she was not going to be present at the hearing today. She does start a new job today. Asked me to proceed on her behalf." This statement by Mother's attorney does not constitute a request for a continuance, nor does it base a request for a continuance on Mother's employment. Instead, counsel informed the trial court that Mother was not going to be present in court that day and that Mother asked her attorney to proceed on her behalf. Because Mother failed to preserve the issue for appeal and has not argued plain error, any error is forfeited and need not be addressed on appeal. *See In re N.P.*, 9th Dist. Summit No. 23826, 2007-Ohio-5933, ¶ 14.

{¶13} Second, Mother argues that an extension should have been granted in T.B.'s case "until paternity is established." Mother's attorney did present this as a ground for a continuance before the trial court, thus allowing the issue to be raised on appeal. The trial court implicitly overruled the motion and proceeded with the hearing.

{¶14} During the proceedings below, Mother had provided six different names as the alleged father of T.B. By the time of the permanent custody hearing, none of the first five men

named were found to be T.B.'s biological father. Genetic testing of the sixth-named alleged father, Genevus Carter, was ordered, but had not been accomplished in that he did not appear for testing.

{¶15} Mother argues that Mr. Carter may not have received notice of two scheduled genetic testing dates and presents this as justification for the continuance. Mr. Carter's unexplained failure to appear for a genetic test does not justify a continuance in light of the fact that the record affirmatively demonstrates that Mr. Carter was personally served with notice of the permanent custody hearing and he failed to appear in court on the day set for trial or to respond to the notice in any other way.

{¶16} Mother attempts to demonstrate prejudice by arguing that Mr. Carter's relatives might assume legal custody of T.B. if paternity was established, but she points to no evidence to support that claim. In addition, the CSB caseworker testified that Mother made the same claim in regard to each of the six men she named as an alleged father. The argument is entirely speculative.

{¶17} Upon review of the record and in consideration of Ohio law, we conclude that the trial court did not abuse its discretion in failing to continue the permanent custody hearing "until paternity is established." First, the motion for a continuance was not made in writing seven days before the scheduled hearing date, but rather was made orally on the day of trial and without demonstration of emergency or unforeseen circumstances. Second, a continuance at that point would inconvenience the other parties, witnesses, counsel, and members of the court that were assembled and ready to proceed with the permanent custody hearing at the time the motion was made. Third, several continuances had already been granted to accommodate the various procedures relevant to Mother's naming of numerous alleged fathers. Furthermore, not only was

Mr. Carter's name the sixth one offered by Mother as an alleged father of T.B, but Mother admitted that she had "intentionally misidentified" Mr. Carter earlier in the proceedings. In addition, the record demonstrates that Mr. Carter was personally served and also that John Doe service by publication was accomplished. Neither Mr. Carter nor any previously unknown father appeared in court at the designated time. There was no legitimate basis for further delay of the permanent custody hearing. Mother's second assignment of error is overruled.

## III.

{¶18} Mother's two assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR.

APPEARANCES:

MADELINE LEPIDI-CARINO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.