[Cite as *In re N.W.*, 2024-Ohio-6092.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: N.W.

C.A. No.     31033

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DN 22-04-334

DECISION AND JOURNAL ENTRY

Dated: December 31, 2024

SUTTON, Presiding Judge.

{¶1}  Appellant, A.D. ("Mother"), appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that placed her minor child in the permanent custody of Summit County Children Services Board ("CSB").  This Court affirms.

I.

{¶2}  Mother is the biological mother of N.W., born June 7, 2021.  The child's father is deceased.

{¶3}  On April 4, 2022, CSB filed a complaint, alleging that N.W. was a dependent child because of Mother's history of untreated mental health problems, possible substance abuse, and her inability to appropriately care for the child.  The trial court later adjudicated the child dependent.  The court initially placed the child in the temporary custody of relatives, under an order of protective supervision by CSB, but later placed him in the temporary custody of CSB.

{¶4} On March 3, 2023, CSB moved for permanent custody of N.W. It alleged that Mother had failed to substantially remedy the conditions that caused N.W. to be placed outside the home, or, alternatively, that she had chronic mental health issues that prevented her from providing N.W. with a stable home; and that permanent custody was in the child's best interest. Following the final dispositional hearing, the trial court terminated Mother's parental rights and placed N.W. in the permanent custody of CSB.

{¶5} Mother filed a timely appeal. In lieu of a merit brief, Mother's appellate counsel has filed a brief in accordance with *Anders v. California,* 386 U.S. 738 (1967), in which counsel asserts that there are no meritorious issues to raise on Mother's behalf. Counsel has moved this Court to accept the *Anders* brief in lieu of a merit brief and to permit him to withdraw from the case. In the *Anders* brief, Mother's counsel has presented one possible issue for review.

II.

**POSSIBLE ISSUE FOR REVIEW**

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT TERMINATED MOTHER'S PARENTAL RIGHTS WITHOUT COMPLYING WITH THE INDIAN CHILD WELFARE ACT AT THE PERMANENT CUSTODY HEARING.

{¶6} The possible issue presented for review is that the trial court erred in terminating Mother's parental rights because "at no point before, during, or even after the [permanent custody] hearing did the trial court ever inquire as to whether or not N.W. had any Native American ancestry" as it was required to do to under the Indian Child Welfare Act ("ICWA"), as set forth in 25 U.S.C. Ch. 21, Subchapter I, or the related administrative regulations.

{¶7} Counsel premises this possible issue for review solely on the duty of the juvenile court "at the commencement of the proceeding" to inquire of "each participant in an . . . involuntary child-custody proceeding" whether there is any reason to believe a child involved is an "Indian

child." 25 C.F.R. 23.107(a). Because Mother did not raise this issue in the trial court, she has forfeited all but plain error on appeal. *See In re T.B.*, 2014-Ohio-4040, ¶ 12 (9th Dist.).

{¶8} This case commenced when CSB filed a complaint, alleging that N.W. was a dependent child. Numbered paragraph 15 of the complaint alleged that "[CSB] does not have reason to know the child to be an Indian child." In its request for interim orders, CSB's complaint explicitly sought "[i]nquiry into Indian Child Welfare Act (ICWA) applicability[.]"

{¶9} The matter proceeded to shelter care and adjudicatory hearings before the same juvenile court magistrate, who entered a finding in the adjudicatory decision that "[t]here is no known ICWA involvement." Mother, who was represented by counsel at both the shelter care and adjudicatory hearings, could have objected to the ICWA finding in the trial court.

{¶10} A timely objection in the trial court, supported by the relevant hearing transcripts, would have required the trial court to review the relevant portions of the record to determine whether the magistrate made an ICWA inquiry at the commencement of this case. Because Mother did not file an objection to that finding, however, those hearings were not transcribed and are not part of the record on appeal. Because the record does not include transcripts of those hearings, this court must presume that the trial court conducted an inquiry or otherwise had evidence before it to support its factual finding that ICWA did not apply to this case. *See e.g.*, *In re A.G.*, 2024-Ohio-3091, ¶ 60 (9th Dist.).

{¶11} Moreover, the procedural safeguards set forth in ICWA apply to child custody proceedings only "when the subject child is an Indian child," as defined in ICWA. *In re Williams*, 2002-Ohio-321 (9th Dist.). ICWA defines "Indian child" as "any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe[.]" 25 U.S.C. 1903(4). This

Court has held that the burden rests on the party who asserts the applicability of ICWA to prove that the child meets the criteria for ICWA to apply. *In re Williams*, 2002-Ohio-321 (9th Dist.).

{¶12}   In this case, Mother does not point to any evidence in the record, or even allege, that N.W. is an "Indian child" under ICWA. *See id*.; *In re A.C.*, 2013-Ohio-1802, ¶ 41-43 (8th Dist.), applying *In re Williams*, 2002-Ohio-321 (9th Dist.).   Therefore, the trial court did not commit plain error by failing to conduct an ICWA inquiry at the permanent custody hearing. Mother's possible issue for review is without merit.

{¶13}   This Court has also conducted an independent examination of the proceedings in accordance with *Anders v. California,* 386 U.S. 738 (1967), and determined that there are no appealable issues in this case.  Mother's appeal is without merit and frivolous under *Anders.*

III.

{¶14}   After a thorough review of the record, we agree that Mother's appeal is without merit and frivolous.  Appellate counsel's motion to withdraw is granted, and the judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETTY SUTTON
FOR THE COURT

CARR, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.

CAROLYN COLEMAN, Guardian ad Litem.