[Cite as *In re J.C.*, 2025-Ohio-4380.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | |
|---|---|
| IN RE J.C., ET AL. | : |
| | No. 115099 |
| Minor Children | : |
| [Appeal by Father] | : |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 18, 2025

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. AD-23905773, AD-23905774, AD-23905775, and AD-23905776

*Appearances:*

Michael P. Dunham, *for appellant*.

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Joseph C. Young, Assistant Prosecuting
Attorney, *for appellee*.

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Appellant-father ("Father") appeals from the juvenile court's judgment entries awarding permanent custody of his four minor children to the Cuyahoga County Division of Children and Family Services ("CCDCFS" or "the agency") after a hearing on the agency's motion to modify temporary custody to permanent custody.

{¶ 2} In his appeal, Father does not challenge the weight or sufficiency of the evidence supporting the juvenile court's decision to terminate his parental rights. Rather, he challenges the juvenile court's decision denying his request for a continuance and his counsel's representation in failing to comply with the juvenile court's local rules when requesting the continuance. According to Father, had the court granted the continuance, a relative could have requested legal custody of the children.

{¶ 3} After a careful review of the record, we find that the juvenile court did not abuse its discretion in denying the continuance, nor was counsel ineffective. Accordingly, this court affirms the juvenile court's decision relating to the disposition of the children.

## I. Procedural History and Background

{¶ 4} On May 12, 2023, the agency filed a complaint alleging that the children were abused, neglected, and dependent, and requesting a disposition of temporary custody. The complaint alleged that both Mother and Father lacked appropriate parenting skills and judgment to provide proper care for their children. The complaint further alleged that incidents of domestic violence occurred, resulting in a protection order against Father.[1] During a hearing on the complaint, Father denied the allegations but stipulated to the agency's motion for predispositional

---

[1] Mother has not appealed the juvenile court's decision. Accordingly, we only discuss the facts related to Father.

custody, which the court granted. During the pendency of the matter, the juvenile court denied Father's requests for both temporary and legal custody of the children.

{¶ 5} At the August 3, 2023 hearing, Father appeared with retained counsel, stipulated to the allegations in the amended complaint, and agreed to the agency receiving temporary custody of the children. The court adjudicated the four children neglected and dependent and placed them in the temporary custody of the agency.

{¶ 6} In May 2024, Father appeared at a hearing in which he agreed with the agency's motion to extend temporary custody. The court granted the extension, with reunification as the permanency plan for all children.

{¶ 7} On October 9, 2024, CCDCFS filed a motion requesting that the juvenile court modify temporary custody to permanent custody to the agency regarding all four children. The motion provided that despite reasonable case planning and diligent efforts by the agency for reunification, Father failed consistently and repeatedly to substantially remedy the conditions that caused the children's removal from his care, failed to fully engage in case-plan services or demonstrate a benefit, and lacked commitment to the children by leaving the country for several months, causing a presumption of abandonment. Additionally, the agency moved to amend the case plan to temporarily suspend visitation with Father because of the physical and emotional harm the children suffered in Father's care.

{¶ 8} The record reflects that Father was served by certified mail with the agency's motion for permanent custody regarding three of his children and served by publication regarding the fourth child. Father appeared with now-appointed counsel at hearings held on November 7, 2024, and December 4, 2024. Subsequently, the juvenile court continued trial on the agency's motion, noting that the agency was investigating a relative who could possibly care for the children.

{¶ 9} On March 31, 2025, the juvenile court conducted a trial on the agency's motion to modify temporary custody to permanent custody. Father did not appear. After denying a joint request by Mother and Father's counsel to continue trial again to allow the relative more time to seek legal custody of the children, the juvenile court took testimony from witnesses, including the children's guardian ad litem, who recommended granting the agency permanent custody of the children. Additionally, it was represented that Father had moved back to Africa and had not seen his children since October 2024.

{¶ 10} Following trial, the juvenile court granted the agency's motion. The court subsequently denied Father's motion to stay pending appeal, finding that the children would not be eligible for adoption until after completion of the appeal process.

## II. The Appeal

{¶ 11} Father's assignments of error center around the juvenile court's decision denying his request for a continuance. In his first assignment of error, Father contends that the trial court abused its discretion and committed plain error

by denying his request for a continuance even though there was no service of process on him and his counsel needed additional time to file a motion for legal custody to a relative. In his second assignment of error, Father contends that he was denied effective assistance of counsel when counsel failed to follow the juvenile court's local rules by not filing a written motion for a continuance but only making an oral motion at trial.

### A. Motion to Continue

{¶ 12} Although Father's counsel appeared at trial on the agency's motion to modify temporary custody to permanent custody, Father did not. Counsel did not explain his client's absence or assert that Father did not have notice of trial but joined in Mother's oral motion to continue trial because of the possibility that a relative might be willing to care for the children. The agency objected to the day-of-trial request, noting that process of approving the placement with the relative was in the preliminary stages and the children had already been in agency custody for almost two years. After considering the arguments and relevant factors, the court denied the request for a continuance.

{¶ 13} First, Father's assertion that he did not receive notice of the permanent custody motion and hearing is without merit. At no time prior to trial did his counsel assert that Father did not have notice of the agency's motion or of trial. Rather, the record reveals that Father received actual notice of the agency's permanent custody motion regarding three of his children. As the agency notes, Father appeared in court with counsel after being served with the permanent

custody motion that pertained to all four children and included the children's names and all four case numbers on the same document that the agency filed in each case. Moreover, the juvenile court considered the agency's complaint throughout the proceedings for all four children together; the cases were not separated. Accordingly, although Father may not have physically received the agency's motion regarding one of his children, he cannot say that he was unaware of the proceedings for all four of his children.

{¶ 14} We also find no merit to Father's argument that the trial court abused its discretion in denying the continuance. The decision whether to grant a continuance lies within the sound discretion of the trial court, and we will not reverse the decision on appeal absent an abuse of that discretion. *State v. Unger*, 67 Ohio St.2d 65, 67 (1981). A court is afforded the same broad discretion regarding a permanent-custody hearing. *See, e.g., In re D.T.*, 2019-Ohio-4895, ¶ 15 (8th Dist.). "'There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.'" *Unger* at 67, quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964).

{¶ 15} Under Juv.R. 23, "[c]ontinuances shall be granted only when imperative to secure fair treatment for the parties." In addition, Loc.R. 35(C) of the Cuyahoga County Court of Common Pleas, Juvenile Division, provides:

No case will be continued on the day of trial or hearing except for good cause shown, which cause was not known to the party or counsel prior to the date of trial or hearing, and provided that the party and/or counsel have used diligence to be ready for trial and have notified or made diligent efforts to notify the opposing party or counsel as soon as he/she became aware of the necessity to request a postponement. This rule may not be waived by consent of counsel.

{¶ 16} In this case, Father's counsel did not seek a continuance for his client to appear, but only for additional time for the agency to investigate an out-of-state relative as a possible custodian for the children. The record reflects, however, that the relative had not sought legal custody nor started the process to be considered as a proper placement. Rather, the record clearly reveals that Father left the country, did not visit with his children for six months, and then failed to appear for trial on the agency's motion for permanent custody. As this court stated in *In re A.W.*, 2020-Ohio-3373, ¶ 29 (8th Dist.), "a parent facing termination of parental rights must exhibit cooperation and must communicate with counsel and with the court in order to have standing to argue that due process was not followed in a termination proceeding."

{¶ 17} Accordingly, we cannot say that the trial court abused its discretion in denying Father's day-of-trial motion to continue. Father's first assignment of error is overruled.

## B.  Effective Assistance of Counsel

{¶ 18} Father contends in his second assignment of error that he received ineffective assistance of counsel because his attorney failed to comply with Loc.R.

35 by not filing a written motion to continue prior to trial, thus allowing for the relative to file a motion for legal custody.

{¶ 19} An indigent parent is entitled to be represented by appointed counsel when the State seeks to terminate parental rights. *State ex rel. Heller v. Miller*, 61 Ohio St.2d 6 (1980), paragraph two of the syllabus; *In re: A.C.*, 2013-Ohio-1802, ¶ 45 (8th Dist.). This right to counsel includes the right to the effective assistance of counsel. *In re P.M.*, 2008-Ohio-6041, ¶ 15 (2d Dist.); *A.C.* at *id.* "[T]he test for ineffective assistance of counsel used in criminal cases is equally applicable in actions seeking to force the permanent, involuntary termination of parental rights." *P.M.* at *id.*, citing *In re Heston*, 129 Ohio App.3d 825, 827 (1st Dist. 1998); *see also A.C.* at *id.* To prevail on a claim of ineffective assistance of counsel, the defendant must show both deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

{¶ 20} Finding that the juvenile court did not abuse its discretion in denying Father's day-of-trial request for a continuance, we cannot say that Father suffered prejudice by his counsel's failure to file a written request for a continuance prior to trial. First, nothing in the record demonstrates that the trial court denied the continuance for failure to comply with the local rules or the lack of a written motion. Rather, the denial was based on consideration of the relative's status, the parties' arguments, the timing of the proceedings, and the children's best interests. Moreover, the record reflects that the children had been in agency custody since May 2023, and the motion for permanent custody had been pending for over five months.

Trial had been continued on at least one occasion for the agency to investigate a potential relative for legal custody who had yet to file their own request for legal custody. As the agency noted, counsel's failure to file a written motion to continue did not prevent the relative from filing her own motion for legal custody during the two years that the case remained pending.

{¶ 21} Based on the record before this court, we cannot say that counsel was deficient in failing to file a written motion, nor has Father demonstrated that the result would have been different if counsel had filed a written motion. Accordingly, Father's second assignment of error is overruled.

{¶ 22} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

KATHLEEN ANN KEOUGH, JUDGE

ANITA LASTER MAYS, P.J., and
DEENA R. CALABRESE, J., CONCUR